IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

**FRANK SPINA, JR.,**

    **Plaintiff,**

**v.**                                                                          **CIVIL ACTION NO. 1:07CV92**

**VITAMIN WORLD, INC., GLIMCHER
REALTY TRUST, MORGANTOWN MALL
ASSOCIATES LIMITED PARTNERSHIP,
HERBERT GLIMCHER, as General
Partner of Morgantown Mall
Associates Limited Partnership,
GLIMCHER MORGANTOWN MALL, INC.,
and GLIMCHER PROPERTIES LIMITED
PARTNERSHIP,**

    **Defendants.**

## <u>ORDER/OPINION</u>

This matter is before the Court pursuant to Defendant Vitamin World, Inc.'s "Motion to Compel" [DE 35] filed on February 19, 2008, and "Amended Motion to Compel" [DE 49], filed March 27, 2008. This matter was referred to the undersigned by United States District Judge Irene M. Keeley on February 22, 2008 [DE 37].

Plaintiff Frank Spina, Jr. ("Spina") filed a Complaint against the defendants in this matter in the Circuit Court of Monongalia County, West Virginia, on or about February 8, 2007. The defendants removed the case to this Court on July 6, 2007. Defendant Vitamin World, Inc. ("Vitamin World") filed its Answer to the Complaint on July 6, 2007. Plaintiff filed an Amended Complaint on October 19, 2007.

On January 9, 2008, Vitamin World served "Interrogatories and Requests for Production of Documents to Plaintiff." On February 19, 2008, Vitamin World filed its original Motion to Compel. As grounds for the Motion, Vitamin World asserted that Spina had not responded in any manner to

the requests. A review of the docket does not indicate any Certificate of Service for any Responses to the discovery requests as of the date Vitamin World filed the Motion to Compel.

On March 27, 2008, Vitamin World filed its Amended Motion to Compel, asserting that on March 13, 2008, three weeks after Vitamin World filed its Motion to Compel, Spina filed responses to Vitamin World's discovery requests. Vitamin World contends the responses are not complete or sufficient.

Vitamin World moves the Court to compel complete supplemental responses to the discovery requests, and moves the Court to deem any objections filed by Plaintiff thereto be deemed waived inasmuch as they were untimely filed. Vitamin World also requests costs and fees incurred in preparing and submitting the motion(s).

Significantly, Spina did not file any response to the original Motion to Compel or to the Amended Motion to Compel, and the time for the filing of any such response has passed.

Fed. R. Civ. P 33(b)(2) provides:

The responding party must serve its answers and any objections within 30 days after being served with the interrogatories. A shorter or longer time may be stipulated to under Rule 29 or be ordered by the court.

Rule 33(b)(4) provides:

The grounds for objecting to an interrogatory must be stated with specificity. Any ground not stated in a timely objection is waived unless the court, for good cause, excuses the failure.

Rule 34(b)(2) provides:

The party to whom the request is directed must respond in writing within 30 days after being served. A shorter or longer time may be stipulated to under rule 29 or be ordered by the court.

The Court first finds that, although Spina did eventually file responses to the discovery requests, those responses were not timely. In fact, Vitamin World had already filed its Motion to Compel by the time the responses were filed ( a full three weeks later). Any objections to the discovery requests were therefore waived, unless the Court finds good cause for the failure to timely respond. Because Spina has failed to file any response to either the Motion to Compel or to the Amended Motion (which argues that Spina waived his objections by his untimely responses), the Court is unable to find good cause for Spina's failure to timely respond. Additionally, a review of the requests and responses at issue does not indicate any good cause for the failure to timely respond. The requests do not, on their face, appear overly burdensome, complex or unique. The Court therefore finds that Spina waived any objections he had to the requests.

Upon review of the requests and responses at issue, the Court further finds that Spina's responses are insufficient. Although some of the objections, based on confidentiality, are reasonable (copies of tax returns, etc.), those objections are mooted by Vitamin World's offer, soon after receiving the responses, to enter into an Agreed Protective Order. Vitamin World states that Spina has never responded to that offer. The Court is of the opinion, however, that a Protective Order is appropriate in this case.

For all the above reasons, Vitamin World's Amended Motion to Compel [DE 49] is **GRANTED**. Vitamin World's Motion to Compel [DE 35] is **DENIED** as **MOOT**. It is therefore **ORDERED** that:

Plaintiff Frank Spina, Jr. shall fully and completely respond, within fourteen (14) calendar (not business) days of entry of this Order, to Defendant Vitamin World's Interrogatory No. 1;

Interrogatory No. 2; Interrogatory No. 9; Interrogatory No. 21; Request for Production No. 3; and Request for Production No. 18.

It is further **ORDERED** that, if the parties do not already have a "Protective Order" in place that would protect sensitive medical and financial documents from further dissemination:

1. All such records produced shall be marked "confidential" by Plaintiff;

2. No copy of the information submitted shall be filed with the Court;

3. Counsel for Defendant Vitamin World, Inc. shall be responsible for maintaining a list of each and every party, parties' attorneys, and parties' experts who is permitted by him or her to see or have a copy of all or any part of the documents produced in accord with this Order;

4. Prior to permitting any person to see or receive a copy of the information produced pursuant to this Order, counsel shall deliver to each and every such person a copy of this Order, including the protective provisions hereof, and have them sign a written receipt by which they acknowledge they have read and understand the order and are bound thereby;

5. The information contained in the documents shall not be exhibited, reproduced, disseminated, described, made available for inspection or copying in kind, nor shall the same be disclosed whole or in part in any other manner to any person other than the Court, the parties, the parties' attorneys and their staffs, and the parties' experts;

6. The information contained in the documents shall not be further released, disclosed, discussed or used beyond that which is specifically provided for herein except upon the prior written Order of this Court;

7. Within 30 days of the entry of an Order completing this case and if the records or their contents are not admitted as part of the evidence before a jury and thus made public, said records

and the authorized copies thereof, together with the written and signed acknowledgments required hereunder, shall be gathered up by counsel for Defendant and thereafter delivered to counsel for Plaintiff.

Regarding Vitamin World's request for sanctions, Fed. R. Civ. P. 37(a)(5)(A) provides:

> If the Motion is granted - - or if the disclosure or requested discovery is provided after the motion was filed - - the court must, after giving an opportunity to be heard, require the party or deponent whose conduct necessitated the motion, the party or attorney advising that conduct, or both to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees. But the court must not order this payment if:
>
> (I) the movant filed the motion before attempting in good faith to obtain the disclosure or discovery without court action;
>
> (ii) the opposing party's nondisclosure, response, or objection was substantially justified; or
>
> (iii) other circumstances make an award of expenses unjust.

Vitamin World is directed to file and serve an itemized accounting of its fees and costs incurred in preparing and submitting the motions to compel on or before May 13, 2008. Plaintiff Spina shall file any objections to Vitamin World's asserted fees and costs on or before May 23, 2008. The Court shall schedule a hearing on the matter of costs and fees only if both a claim and objections thereto are made.

**IT IS SO ORDERED.**

The United States District Clerk for the Northern District of West Virginia is directed to provide a copy of this order to counsel of record.

DATED: May 6, 2008

*John S. Kaull*
**JOHN S. KAULL**
**UNITED  STATES  MAGISTRATE  JUDGE**

5